UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) M.B.D. No. |
| | ) |
| CASSANDRA ANN BEATTY | ) 04-10013 RGS |
| and TERRENCE DAVIS | ) |
| | ) |
| Defendants. | ) |

### JOINT MOTION TO EXCLUDE TIME
### FROM SPEEDY TRIAL ACT COMPUTATIONS

The parties, by their undersigned counsel, hereby move that, pursuant to 18 U.S.C. §§ 3161(b) and 3161(h), the Court exclude from all Speedy Trial Act calculations (including any calculations made pursuant to 18 U.S.C. § 3161(b)) the period beginning February 27, 2004 and extending for approximately 30 days thereafter (to and including March 26, 2004). As grounds therefor, the parties state as follows:

1. The defendants were arrested on December 2, 2002, after arriving at Logan Airport from Jamaica. On December 3, 2003, they were charged by criminal complaint with importation of cocaine, which they allegedly ingested. The defendants waived a detention hearing without prejudice and are currently in custody.

2. This Court has previously issued Orders allowing the parties' motions to exclude from all Speedy Trial Act calculations the period of time through February 27, 2004.

3. The parties request a final extension of time and believe that the ends of justice served by the delay outweigh the

interest of the public and the defendants in a speedy trial.

Based on the foregoing, the parties jointly move that the time between February 27, 2004 to and including March 26, 2004, be excluded from all Speedy Trial calculations.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              UNITED STATES ATTORNEY

By:   /s/ Peter K. Levitt
        PETER K. LEVITT
        Assistant U.S. Attorney
        One Courthouse Way
        Boston, MA
        (617) 748-3355


CASSANDRA BEATTY

By her attorney,

/s/ Martin Richey
MARTIN RICHEY
Federal Public Defender
640 Atlantic Avenue
Boston, MA
(617) 223-8061

TERRENCE DAVIS

By his attorney,

*[signature]*
MICHAEL J. LISTON
Carr & Liston
294 Washington Street
Boston, MA
(617) 482-6355

Dated: February 25, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF THE TAX
INDEBTEDNESS OF                                    )
                                                   )
                                                   )
                                                   )     M.B.D.
COMMONWEALTH CREMATION AND SHIPPING                )     04 MBD 10056
SERVICE INC                                        )
                                                   )
                                                   )

AFFIDAVIT OF REVENUE OFFICER

CITY OF BOSTON                                     )
COMMONWEALTH OF MASSACHUSETTS                      )

   Revenue Officer Leo Jordan, having been first duly sworn, states as follows:

   1. I am a Revenue Officer employed in the Small Business/ Self Employed Division of the Office of the Area Director, Internal Revenue Service, at Boston, Massachusetts. As a Revenue Officer, I have the duty and authority to collect federal taxes by seizure and sale under the provisions of Section 6331 of the Internal Revenue Code.

   2. Assessment(s) of tax and statutory additions for the period(s) ending 03-31-1999, 09-30-1999, 12-31-1999, 03-31-2000, 09-30-2000, 12-31-2000, 03-31-2001, 06-30-2001, 09-30-2001, 03-31-2002, 06-30-2002, and 12-31-1999 have been made against Commonwealth Cremation and Shipping Service Inc., 1654 Washington Street, Boston, MA 02118, 04-3270374 for which notice and demand was made on 06-21-1999, 12-27-1999, 03-27-2000, 12-25-2000, 01-01-2001, 03-19-2001, 06-25-2001, 10-08-2001, 12-17-2001, 07-15-2002, 10-14-2002, and 04-24-2000 pursuant to Section 6201, 6203, and 6303 of the Internal Revenue Code.

   3. The said taxpayer has neglected or refused to pay the full amount of the taxes assessed within 10 days after such notice and demand and this neglect or refusal continues.

   4. There is now due, owing and unpaid with respect to such tax, penalty and interest a total amount of $ 28,083.91, plus statutory additions.

   5. By reason of each assessment, a lien has arisen on all property and rights to property of said taxpayer as prescribed by Sections 6321 and 6322 of the Internal Revenue Code.

      6. By reason of the taxpayer's neglect and failure to pay such tax within 10 days after notice and demand, a levy may be made on all property and rights to property belonging to the taxpayer or to which the federal tax lien attaches. A notice of intention to levy was provided to the taxpayer as required by IRC 6331(d).

      7. The taxpayer is a corporation engaged in a transportation of human remains business at 1654 Washington Street, Boston, MA 02118. The premises are rented by the taxpayer.

The assets to be seized include a hearse automobile used in a transportation of human remains business. I personally observed this asset on the premises on December 16, 2003. I know that the taxpayer has an interest in the asset because Arthur Hasiotis, President of the corporation stated this to me.

On December 10, 2003, I requested that Arthur Hasitois, President of the corporation, consent to the revenue officer's entry to the premises for the purpose of levying on the assets pursuant to Section 6331 of the Internal Revenue Code. Such consent was refused.

_____
REVENUE OFFICER

Subscribed and sworn to before me this _14th_ day of _February_, 2004

_____
UNITED STATES MAGISTRATE JUDGE
FOR THE DISTRICT OF MASSACHUSETTS